JOHN GILL NIELSEN *v.* SANDRA EMEIS NIELSEN
(2533)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued February 15—decision released May 7, 1985

*Deborah L. Grover,* for the appellant (plaintiff).

*Mark V. Oppenheimer,* for the appellee (defendant).

BORDEN, J. This case presents a complicated procedural history yielding the issue of whether the trial court erred in dismissing the plaintiff's suit on the ground of a prior pending action. We find error.

The facts are not in dispute. The parties were married in 1978 in Massachusetts. They have no children. At some point, they moved to Connecticut. In February, 1981, they left Connecticut and moved to Florida, where they were domiciled until April, 1982. At that

time, the defendant wife left the plaintiff husband without his knowledge or consent and moved to Connecticut.

On May 12, 1982, the husband filed a petition for dissolution of the marriage in the Florida Circuit Court. Pursuant to Fla. Stat. §§ 48.193 and 48.194,[1] the clerk of that court issued a summons to the wife which was forwarded to a deputy sheriff in Connecticut who personally served her in Connecticut on May 17, 1982. The wife, nonetheless, did not appear in that Florida action. On April 14, 1983, the Florida court rendered a final judgment dissolving the marriage, ordering the wife to convey certain property to the husband, and awarding lump sum alimony to him. The court also found that personal service was perfected on the wife pursuant

---

[1] The pertinent portions of the Florida statutes provide as follows: "[Section] 48.193 ACTS SUBJECTING PERSONS TO JURISDICTION OF COURTS OF STATE.

"(1) Any person, whether or not a citizen or resident of this State, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person, and if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following: . . . (e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action *or, if the defendant resided in this state preceding the commencement of the action,* whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage. . . . (2) *Service of process* upon any person who is subject to the jurisdiction of the courts of this state as provided in this section *may be made by personally serving the process upon the defendant outside this state,* as provided in 48.194. The service shall have the same effect as if it had been personally served within this state." (Emphasis added.)

"[Section] 48.194 PERSONAL SERVICE OUTSIDE STATE. Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made."

to Fla. Stat. §§ 48.193 (1) (e) and 48.194; see footnote 1, supra; and that it had personal jurisdiction over both parties.

Meanwhile, on May 11, 1982, the wife began a dissolution of marriage action in the Superior Court for the judicial district of Danbury. This was done by obtaining an order of notice directed to the husband in Florida. That order of notice was complied with, and the husband received the notice on May 14, 1982. The husband retained Connecticut counsel, who appeared on his behalf in that action and who moved to dismiss it on the ground of the prior Florida action. The court denied that motion. On June 20, 1983, after the Florida judgment had been rendered, the husband again moved to dismiss the Danbury action on the ground that the Florida judgment rendered the court without subject matter jurisdiction by virtue of the full faith and credit clause of the constitution of the United States. The court denied that motion. That action is pending.

This, finally, brings us to *this* case. On June 21, 1983, the husband instituted this action against the wife in the Superior Court for the judicial district of Waterbury,[2] to enforce the property aspects of the Florida dissolution judgment. The wife moved to dismiss the action on the ground, inter alia, of the prior action between the same parties pending in Danbury.[3] The trial court granted the motion to dismiss on that ground. The husband appeals, claiming that the dismissal denied him his constitutional right to have a valid foreign judgment enforced, and that the court also erred by applying the doctrine of a prior pending action.

[2] The wife's residence had changed from Newtown to Woodbury, necessitating that an action against her be brought in Waterbury rather than Danbury.

[3] The wife also moved to dismiss on the ground that the court lacked subject matter jurisdiction to enforce the Florida judgment as a foreign matrimonial judgment pursuant to General Statutes § 46b-70. The court did not address that issue, and it is not before us.

We conclude that the court erred by applying the prior pending action doctrine to dismiss the husband's case. This conclusion renders it unnecessary for us to consider his other claim on appeal.

The pendency of a prior action between the same parties, in the same jurisdiction and to the same end is grounds for dismissal. *Southland Corporation* v. *Vernon,* 1 Conn. App. 439, 451, 473 A.2d 318 (1984). This rule, which is not one of unbending rigor or universal application; id., 452; is not a rule of subject matter jurisdiction but of justice and equity, generally applicable and always where the two suits are virtually alike. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438 A.2d 834 (1981). When, however, the purposes of the two actions and the issues to be determined by them are different, the rule does not apply. Id., 113–14.

The purpose of the wife's Danbury action is to dissolve the marriage and obtain alimony and other property orders. The issues in that case would involve the traditional factors specified by General Statutes § 46b-82, such as the length of the marriage, the causes of its breakdown, and the respective economic and vocational situations of the parties. The purpose of this case, the husband's Waterbury action, is to enforce the property elements of the Florida judgment. The issues involve whether that judgment, including those property elements, is entitled to full faith and credit and is thus binding on the wife. Those issues involve, in turn, whether the Florida court had valid personal jurisdiction over her pursuant to Florida's domestic relations long arm statute. See, e.g., *Whitaker* v. *Whitaker,* 237 Ga. 895, 230 S.E.2d 486 (1976) (Florida dissolution judgment, including property orders, entitled to

full faith and credit as against nonappearing spouse personally served out of state pursuant to Florida domestic relations long arm statute).[4]

This does not end our inquiry, however. It is true that the husband has sought in the Danbury action, by his motions to dismiss, to litigate the validity of the Florida judgment, and that he could yet in that action rely on the Florida judgment as the basis for a special defense of res judicata and for a counterclaim for enforcement of the judgment. Whether the availability to a party of a counterclaim in the prior action is sufficient to trigger the application of the rule permitting the dismissal of that same party's subsequent action is an issue which is not free from doubt. Professor Stephenson concludes that the subsequent case is not dismissable on this theory, on the basis of the fact that our counterclaim rule is permissive, not mandatory. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 104 (c). Judge Covello, in his 1982 supplement to Professor Stephenson's treatise, concludes that the subsequent action may be dismissed, on the basis of the public's interest in avoiding unnecessary litigation. 1 Stephenson, supra, § 104 (c) (1982 Cum. Sup.).

Our examination of the cases indicates that, because of the public interest in avoiding unnecessary litigation, the rule in question is not limited to cases in which the second action is brought by the same party as the first, and may apply where the plaintiff in the second action can, as a defendant in the first action, properly assert a counterclaim. *Dettenborn* v. *Hartford-National Bank*

---

[4] We note that Connecticut has enacted a similar domestic relations long arm statute providing for personal jurisdiction over a nonresident party, where the party has received actual notice of the dissolution action pursuant to an order of notice, the complaining party meets the residency requirements of General Statutes § 46b-44 and both parties were domiciled immediately prior to or at the time of their separation. General Statutes § 46b-46 (b).

& *Trust Co.,* 121 Conn. 388, 392, 185 A. 82 (1936). We are also convinced, however, that this application of the rule is limited to situations in which the two sets of issues are the same. *Welles* v. *Rhodes,* 59 Conn. 498, 22 A. 286 (1890). Here they are not.

This does not mean that either the defendant in the second action, or the court, is without a remedy. The public's interest in avoiding unnecessary litigation and conserving scarce judicial resources is too powerful a factor to ignore. Furthermore, it makes little sense for these two actions to be litigated in parallel, the plaintiff in each seeking to rush to judgment. The remedy is not, however, the drastic one of dismissal. It is, instead, that the second case be transferred to the court location where the first case is pending, either on motion of either party or by the court on its own motion; Practice Book § 212; and that the two cases be consolidated. *Rode* v. *Adley Express Co.,* 130 Conn. 274, 277, 33 A.2d 329 (1943).

There is error, the judgment is set aside and the case is remanded with direction to transfer the case to the judicial district of Danbury and to consolidate it there with case No. 280300.

In this opinion the other judges concurred.