[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE OF BLAISE P. DePASQUALE
Defendant Blaise P. DePasquale ("Blaise") moves to strike the complaint as to him because there is a similar prior pending action by one of these plaintiffs, George L. DePasquale ("George") against him.
Facts CT Page 7604
In February 1990, George alone brought suit in three "causes" against Blaise and a corporation in the federal court. In that suit George sought:
 "a. A preliminary injunction to preserve the status quo pending a determination of the merits, as requested in the Application filed or to be filed with this Court.
 b. A Judgment declaring the Employment Agreement null and void.
 c. A Judgment declaring the Irrevocable Proxy null and void.
 d. Imposition of a constructive trust over Bill's [George's] ownership, use or possession of the Employment Agreement and Irrevocable Proxy, for the benefit of George and his legal representatives, beneficiaries and assigns.
 e. Such other relief as may be appropriate in law or equity to do full justice in this matter."
In this action George and his wife, Josephine R. DePasquale ("Josephine") bring suit in twenty-two (22) counts against Day, Berry Howard; Harold C. Buckingham, Jr.; J. Mitchell Purcell; Kostin, Ruffkess Company, P.C.; Walter J. Basilari; and Blaise seeking,
"1. Compensatory Damages,
2. Punitive Damages,
3. Attorney's Fees,
 4. Any or all other relief in law or equity as doth pertain."
Law
There are only two reasonable probabilities in regard to the timing of the conclusions of these two cases — federal case will end first, or this state case will end first. If the federal judgment is first in time and if plaintiff prevails he, and he alone will get an injunction, a declaratory judgment, and the imposition of a trust. He will CT Page 7605 get no damages either compensatory or punitive, and he will get no attorney's fees. After that prior termination of the federal case he will have to continue in our case to try to obtain those damages and fees.
The other probability is this case will conclude first, in which event George and his wife will get the damages and fees but not the injunction, the declaratory judgment or the trust.
These cases are between and among different parties and seek quite different remedies, even though the basis for both cases is very much the same.
This is not a question of res judicata[1] although it may some day become one in part. Cf. Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559-561.
The rule permitting dismissal of an action because there is a prior pending action is used "where the two suits are virtually alike." Nielsen v. Nielsen, 3 Conn. App. 679,682. "When, however, the purposes of the two actions and the issues to be determined by them are different, the rule does not apply." Id. 682. That is our situation. Here, there is "reason or necessity for bringing the second [action]". Henry F. Rabb Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108,112.
Motion denied.
NORRIS L. O'NEILL, JUDGE, SUPERIOR COURT