[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REVOKE STAY AS TO EDMUND AUTUORI AND MOTION TO STAY OF RICHARD McCARDLE AND DAVID FEDERMAN
By Memorandum of Decision dated August 2, 1993, this Court CT Page 500 granted the Motion to Stay filed by the defendants, Arthur Andersen Co. ("Andersen") and Edmund Autuori ("Autuori"). By motion dated October 5, 1993, the plaintiffs have asked this court to revoke the stay of this action as to Autuori on the ground that Autuori is not a defendant in the corresponding federal action relating to the Colonial limited partnership which is the subject of this action ("federal action").
Richard McCardle ("McCardle") and David Federman ("Federman") are defendants in this action. The claims against them all pertain to their actions as employees of Andersen and it appears probable that proof of those claims will render Andersen liable therefor. McCardle and Federman are not defendants in the federal action. They have moved that this action be stayed as to them because the issues involving Andersen, Autuori, McCardle and Federman are virtually the same and because the court has previously stayed the action as to Autuori.
Like McCardle and Federman, Autuori has been sued in this case only for his actions as an employee of Andersen and he is not a defendant in the federal action. It appears probable that proof of the claims asserted against Autuori in this lawsuit will render Andersen liable.
An action may be stayed in the interests of judicial economy and to avoid the potential for conflicting decisions. Nielsen v. Nielsen, 3 Conn. App. 679, 684, 491 A.2d 112 (1985); International Brotherhood of Boilermakers, Iron Sip [Ship] Builders, etc. v. Combustion Engineering, Inc. 337 F. Sup. 1349
(D.Conn. 1971); Landis v. North American Co., 299 U.S. 248, 254,57 S.Ct. 163, 166, 81 L.Ed 153 (1936).
Both this action and the federal action are class actions which the named plaintiffs have brought on behalf of themselves and all other limited partners in the Colonial Realty limited partnership which is the subject of the complaint. The allegations as to the actions of Andersen, Autuori, Federman and McCardle are virtually identical in this action and the federal action. However, in the federal action the plaintiffs are seeking to recover against Andersen only, while the plaintiffs in this action seek to recover against Andersen and its employees, Autuori, Federman and McCardle.
The First Amended Complaint in this action contains the following language: CT Page 501
 . . .whenever Andersen is named in this complaint, it is understood to also include the agents, servants, or employees, including defendants Edmund Autuori, David Federman, and Richard McCardle, as well as any partners, joint- or co-venturers and co-conspirators or other entities which it controlled.
The foregoing language makes it clear that if this action proceeds against Autuori, Federman, or McCardle, it will necessarily proceed against Andersen as well, making the stay this court has entered as to Andersen ineffective. Moreover, issues of law and fact addressed with respect to Autuori, McCardle, and Federman in this action will necessarily parallel those issues addressed with respect to Andersen in the federal action. Under these circumstances, the simultaneous pendency of both sets of actions will be burdensome and duplicative for Andersen, Autuori, McCardle and Federman and the courts and will risk potentially inconsistent or conflicting judgments by the courts.
The plaintiffs will not be prejudiced by the stay of this action as to Autuori, McCardle and Federman because coordinated discovery will proceed notwithstanding the stay, and because a stay will not destroy any claims that plaintiffs may have against Autuori, McCardle and Federman, but will simply postpone their disposition to the extent that any remain at the conclusion of the federal action.
For the foregoing reasons, the Motion to Revoke Stay is denied and the Motions For Stay as to McCardle and Federman are granted.
By the Court
Aurigemma, J.