[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO CONSOLIDATE (FILE #124)
Plaintiff has moved, pursuant to Prac. Bk. Section 84A,[1]
to consolidate for trial[2] this action with another pending action designated as Charles A. Regulbuto v. General HealthManagement, Inc., et al, Dk. No. CV 94-053 46 44, Hartford Judicial District. General Health has objected to consolidation of the two pending actions.[3]
The operative pleadings in the present case are plaintiff's revised amended complaint (#108), defendants' answer and counterclaims (#109), and plaintiff's reply (#110).[4] In this case, plaintiff alleges that on June 17, 1991 he obtained a money judgment ($47,500) against General Health in an earlier case;[5] that in early 1992, General Health CT Page 11067 participated in the sale of certain nursing homes in which the corporation had a financial interest; that the corporation has and/or is scheduled to receive funds in connection with said transaction(s); that the individual defendant (Steiner) has received distributions and benefits from said transaction(s) which otherwise would have gone to General Health; that said Steiner was and is the principal stockholder, and a debtor, of General Health; and, that Steiner wrongfully received distributions from General Health to the detriment of plaintiff/creditor. The revised amended complaint further alleges that Steiner knew that the corporation was indebted to plaintiff at the time of the distributions or transfers, and that as a result of said transfers, General Health was deprived of corporate assets with which to satisfy plaintiff's judgment. Additionally, the revised amended complaint alleges that the claimed distributions to the individual defendant Steiner constituted a violation of General Statutes Section 33-359.[6]
Defendants' six count counterclaim in the present action
alleges that the prior action (CV90-037 18 42), in which Steiner was originally named a defendant, and in which plaintiff obtained his judgment against General Health, was vexatious, resulting in liability under Section 52-568;[7] that plaintiff, while in the employ of General Health, falsified expense reports and received unauthorized payments, thereby breaching a duty of good faith and fair dealing owed the employer; that plaintiff was unjustly enriched based on the falsified reports and receipt of unauthorized payments; that plaintiff breached a fiduciary duty owed General Health; that plaintiff's actions constituted violations of CUTPA, Section42-100b, et seq.; and that the present action has been brought without any factual or legal basis for the allegations, and with intent to harass. In his reply to defendants' six count counterclaim, plaintiff (counter-defendant) asserts six special defenses: res judicata; collateral estoppel based on the settlement (and stipulated judgment) in the prior case (CV90-037 18 42); that the earlier settlement (in CV90-037 18 42) resolved, barred, discharged, and released claims asserted by defendants' counterclaim in the present action; that all counts of counterclaim are time barred by applicable statutes of limitation; and latches.
The present case has been claimed for a jury trial. The case with which plaintiff claims it should be consolidated CT Page 11068 (CV94-053 46 44) has been claimed for a trial to the court.
In CV94-053 46 44, the defendants are General Health and G.H.M./St. Joseph's Limited Partnership. The complaint in that case is in one count and alleges: plaintiff's judgment of $47,500 against General Health was entered on June 17, 1991; on or about January 3, 1993, General Health transferred to G.H.M./St. Joseph's its general partnership interest in the limited partnership; said interest was transferred with the intent of avoiding plaintiff's debt and/or hindering its collection; that G.H.M./St. Joseph's was aware of the indebtedness of General Health to plaintiff and knowingly aided, abetted, and conspired with General Health for the aforesaid purpose and with the stated intent; and, the said transfer of General Health's limited partnership interest deprived General Health of sufficient means to satisfy its indebtedness to plaintiff. The answers filed by both General Health and G.H.M./St. Joseph's contain general denials of the allegations set forth in the complaint.
It is recognized that sensible public policy favors procedural steps preventing unnecessarily duplicative litigation "both because of the burden it places on the State and the resulting crowding of the dockets of the courts."Rode v. Adely Express Co., Inc., 130 Conn. 274, 277 (1943);Nielsen v. Nielsen, 3 Conn. App. 679, 684 (1985). The fact that one case is claimed for jury trial, and the other is to be tried to the court, would not, in and of itself, preclude consolidation since, at the conclusion of the evidence, one case could be submitted to the jury, and the other reserved for a court determination. See: Prac. Bk. Section 308 (case presenting issues both in equity and law may be tried to a jury with only issues of law to be assigned for jury deliberation). However, here the two cases do not involve all of the same parties and do not arise from the same transaction; thus, different evidence would be presented in each case. In the jury case (CV92-051 28 61), it is alleged that General Health distributed (or would in the future distribute) to Steiner funds received from the corporation's participation in the sale of certain nursing homes. In the court case (CV94-053 46 44), there is involved an entirely separate transaction; that is, General Health's alleged transfer of its limited partnership interest to G.H.M./St. Joseph's. While plaintiff alleges that both transactions were for the purpose of impeding any levy on General Health's CT Page 11069 assets under plaintiff's June 17, 1991 judgment, it would nevertheless appear that each of the transactions is separate, and distinct, and that each involves a different party (distributee and transferee); therefore, the proof necessary to substantiate each set of allegations would be, in substantial part, different in each of the two cases. Furthermore, in CV92-051 28 61, the multiple counts of defendants' counterclaim, and the plaintiff's several special defenses thereto, introduce significant issues of law and fact which are not part of, and would not pertain with respect to, CV94-053 46 44. In the court's view, after a careful analysis of the pleadings, and a review of the two court files, these two cases are not appropriate for a consolidated trial.
For the reasons stated, the motion to consolidate is denied.
Mulcahy, J.