[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This action arises from a dispute concerning the entitlement to attorneys' fees received in a prior civil action.
The plaintiff alleges that on August 13, 1990, he entered into a contingent fee agreement with Victoria Hall to represent her in a civil action to recover for personal injuries sustained by Ms. Hall in an automobile collision. On September 19, 1990, the plaintiff commenced the civil action Victoria Hall v.Gardella Courier, Inc. et al, in the Judicial District of Stamford/Norwalk in Stamford.
In April, 1994, an action entitled Robert Hall v. VictoriaHall, seeking dissolution of marriage was commenced in the Judicial District of Stamford/Norwalk in Stamford. Defendant Edward Dolan of defendant Rosen and Dolan, P.C., represents Victoria Hall in the matrimonial action. The plaintiff alleges that in May, 1994, defendant Rosen telephoned the plaintiff and requested that plaintiff transfer the file in the personal injury action to him. By letter dated May 31, 1994, Victoria Hall requested that the plaintiff forward her file to defendant Rosen.
Prior to the scheduled trial of the action Hall v. GardellaCourier, Inc., the case was settled for $157,500. On November 17, 1994, the plaintiff and defendant Rosen established an escrow CT Page 2269 account at Fleet Bank in New Haven for the attorneys' fees in the amount of $51,625.00 pending the resolution of all claims between the parties, including an apportionment of the attorneys' fees. The plaintiff and the defendant Rosen are the escrow agents.
On November 18, 1994, defendants Rosen and Rosen Dolan, P.C., commenced an interpleader action in the Judicial District of New Haven at New Haven, David N. Rosen and Rosen Dolan, P.C.v. Alan R. Spirer.
On December 5, 1994, the plaintiff commenced this action claiming that the defendants Rosen, Dolan, and Rosen Dolan, P.C. violated the Connecticut Unfair Trade Practices Act, Section42-110a et seq of the Connecticut General Statutes, and interfered with plaintiff's contract and business expectancy with Victoria Hall. The plaintiff seeks a declaratory judgment awarding the attorneys' fees being held in escrow to the plaintiff and monetary and punitive damages.
The defendants have filed, pursuant to Section 142 of the Practice Book, a motion to dismiss the complaint on the ground that there is a prior pending action between the same parties and regarding the same subject matter in Superior Court for the Judicial District of New Haven at New Haven. A motion to dismiss is the proper procedural vehicle to raise a claim of the prior pending action doctrine. Halpern v. Board of Education, 196 Conn. 647,652 n. 4, 495 A.2d 264 (1985).
Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal.Halpern v. Board of Education, supra, 196 Conn. 652. "When two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." Henry F. Raab Connecticut,Inc. v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834
(1981). In such a case, the prior pending action doctrine is invoked to dismiss the second action because "there can not be any reason or necessity for bringing the second; and therefore, it must be oppressive and vexatious." Hatch v. Spofford, 22 Conn. 484,494 (1853). The doctrine "is not a rule of unbending rigor, nor of universal application, nor a principle of absolute law, — it is rather a rule of justice and equity. . ." Id. "We must examine the pleadings to ascertain whether the actions are virtually alike." Halpern v. Board of Education, supra, 653. If ". . . the purposes of the two actions and the issue to be CT Page 2270 determined by them are different, the rule does not apply."Nielsen v. Nielsen, 3 Conn. App. 679, 682, 491 A.2d 1112 (1985).
The defendant contends that it is proper to invoke the prior pending action doctrine to dismiss this action because the central object of both the interpleader action and this action is to resolve the disagreement between Attorneys Rosen and Spirer concerning the division of the fee received in Ms. Hall's case and now held in escrow.
The plaintiff argues that this action differs from the interpleader action in that the interpleader action is solely directed towards an apportionment of the escrow funds and this action includes plaintiff's CUTPA claims and plaintiff's claims for interference with a contract. The plaintiff further argues that this action includes a defendant, Attorney Dolan, who is not a party to the interpleader action. Thus, the plaintiff argues that the prior pending action doctrine does not apply and this case should not be dismissed.
The prior pending action doctrine does not apply when the two actions are for different purposes. The first action, filed by Attorney Rosen and the partnership, is an action in interpleader for the purpose of determining the legal rights of the parties to the funds held in escrow. The second action, filed by Attorney Spirer, asserts Attorney Spirer's claim to the funds held in escrow, and seeks redress for an alleged tortious violation of business expectancy and a violation of CUTPA. The remedy sought in the first action is an apportionment of the funds held in escrow, while the remedy sought in the second action also includes monetary and punitive damages. Although both actions include the issue of entitlement to the funds held in escrow, adjudication of the second action will require additional evidence and involve additional issues. Thus, the two actions are not virtually alike, and the prior pending action doctrine is inapplicable.
The plaintiff also argues that the prior pending action doctrine does not apply because there is not sufficient identity of the parties in the two actions. However, a review of cases reveals that courts may invoke the doctrine when there is no strict identity of the parties if the same underlying rights are being contested in both actions and it is equitable to do so.Gaudio v. Gaudio, 23 Conn. App. 287, 296, 580 A.2d 1212 (1990) (Superficial differences in the parties are not enough to CT Page 2271 overcome dismissal under the prior pending action doctrine.);Nielsen v. Nielsen, 3 Conn. App. 679, 683, 491 A.2d 1112 (1985) ("[T]he rule . . . may apply where the plaintiff in the second action can, as a defendant in the first action, properly assert a counterclaim.") However, the application of the prior pending action doctrine is limited to situations where the issues are the same in both actions. Id., 684.
Because the two actions are not virtually alike and serve different purposes, the prior pending action doctrine does not apply, and the motion to dismiss is denied. The court, recognizing that both actions involve the same escrow fund, expects that the parties will take the necessary steps to consolidate the two cases.
D'ANDREA, J.