[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO TRANSFER
A. Facts:
The plaintiff, Greater New York Mutual Insurance Company and Farms Village Plaza, alleges that on or about May 20, 1992, a 1970 Dodge truck owned and operated by the defendant, Kyle Schnabel, herein Schnabel, was rear-ended by a 1979 Ford truck, owned by Donald Jencik and operated by his employee. The plaintiff alleges that after the impact, Schnabel and his passenger "were ejected, fell or jumped from the Dodge Truck, leaving it moving without a driver." The Dodge truck continued traveling, eventually striking a building within the Farms Village Plaza, housing Battiston's cleaners. The plaintiff alleges that the building sustained damages in the amount of $6,047.64. Lastly, plaintiff paid for the repairs, and is exercising its rights as subrogee of Farms Village Plaza, to recover the damages from the defendants in this action.
The defendants have filed a motion to transfer and consolidate this property damage action, pursuant to Practice Book § 212 and General Statutes § 51-347b, with the pending personal injury action in Hartford Superior Court.[1]
The plaintiff has argued in opposition of the motion to transfer.
B. Discussion:
Practice Book § 212 states, in relevant part: "Any cause, or the trial of any issue therein, may be transferred from a judicial district court location . . . to any judicial district court location, by order of the court (a) upon its own motion or upon the granting of a motion of any of the parties . . ." CT Page 1101
The defendant's motion to transfer alleges that both cases raise the same issues of fact and that the determinations made in the personal injury action, in Hartford, will resolve the issues in the action before this court. Further, defendant alleges that judicial economy is served by consolidating these actions. However, the defendant does concede that the speed in which this case is resolved will be greatly lengthened if it is consolidated with the Hartford action, due to the backlog of cases in Hartford.
The plaintiff alleges that this case should not be consolidated for the following reasons: there are different issues of fact, the parties are not the same in both actions, this case is ready to be tried, already claimed to the trial list, there is little judicial economy.
In Nielsen v. Nielsen, 3 Conn. App. 679, 684, 491 A.2d 1112
(1985), the Supreme Court discussed the ability of a court to transfer and consolidate related cases. It set forth factors that should be considered in deciding the motion.
 "The public's interest in avoiding unnecessary litigation and conserving scarce judicial resources is too powerful a factor to ignore. Furthermore, it makes little sense for these two actions to be litigated in parallel, the plaintiff in each seeking to rush to judgment. . . . The remedy is . . . that the second case be transferred to the court location where the first case is pending, either on motion of either party or by the court on its own motion; Practice Book 212, and that the two cases be consolidated."
In Nielsen after considering the similarity of the facts and parties and the burden on the court, the court determined the cases should be consolidated. In the case at hand, the factors result in a contrary decision. Since the necessary parties are different, the determination of liability is different, the New Britain case is a relatively straight forward property damage case which is trial ready, the Hartford case is a complex personal injury case not trial ready, this court's denial of the motion to transfer is the best exercise of judicial economy and fairness to the parties. CT Page 1102
C. Conclusion:
For the reasons herein stated, it is concluded, the defendant's motion to transfer, ought to be and is hereby denied.
It is so ordered.
Arena, J.