[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULINGS RE: MOTION TO TRANSFER (FILE #113) AND OBJECTION (FILE #117)
The defendant Duncan moves to transfer this case and consolidate it with an action pending in Superior Court, Ansonia/Milford at Milford, Chadderton v. Duncan, Docket No. 58073. The defendant alleges that the two lawsuits arise from the same occurrence, the issues and witnesses relating to liability are identical, and a transfer would serve the interests of judicial economy. The plaintiffs maintain that the parties are different, the actions are separate and distinct, and the issues as to liability and damages differ between the two actions. A hearing was conducted on the defendant Duncan's motion to transfer, and the objection thereto.
Practice Book § 84A, now practice Book (1998 Rev.) §9-5, reflecting the statutory authority of General Statutes §52-104, provides: "(a) Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial."
The "procedure of trying cases together, which has long been the established practice in this state, assists in expediting business without doing anyone an injustice." Rode v. AdleyExpress Co., Inc., 130 Conn. 274, 277, 33 A.2d 329 (1943). "Independent of statutory authority, courts . . . have inherent power to consolidate different causes, or order them tried together, when the circumstances authorize such course . . . ." Id. "[I]t has long been held that the decision to consolidate or sever the trial of different actions is within the sound discretion of the court. . . ." Alpha Crane Service, Inc. v.Capitol Crane Co., 6 Conn. App. 60, 68, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986). "Whether the actions arise out of the same transaction or involve identical parties are important factors in determining the propriety of the joinder or the consolidation of actions." Clarke v. Ochart, Superior Court, judicial district of Middlesex, Docket No. 68018 (April 13, 1993, Higgins, J.) (8 Conn. L. Rptr. 609). General Statutes § 51-347b (a) provides in relevant part that "[a]ny action or CT Page 9229 the trial of any issue or issues therein may be transferred, by order of the court on its own motion or on the granting of a motion of any of the parties, or by agreement of the parties, from the superior court for one judicial district to the superior court in another court location . . . ." practice Book § 212, now practice Book (1998 Rev.) § 12-1, provides that "[a]ny cause, or the trial of any issue therein, may be transferred from a judicial district court location to any other judicial district court location . . . by order of a judicial authority . . . ."
"[T]he public's interest in avoiding unnecessary litigation and conserving scarce judicial resources is too powerful a factor to ignore." (Internal quotation marks omitted.) Marciano v. Piel,22 Conn. App. 627, 632, 579 A.2d 539 (1990) quoting Alpha CraneService, Inc. v. Capitol Crane Co., supra, 6 Conn. App. 68. "[I]t makes little sense for . . . two actions to be litigated in parallel . . . . The remedy is . . . that the second case be transferred to the court location where the first case is pending . . . and that the two cases be consolidated." (Citations omitted.) Nielsen v.Nielsen, 3 Conn. App. 679, 684, 491 A.2d 1112 (1985).
In this case plaintiffs chose the present venue, they are residents of Avon, it is represented that they were unaware of the Ansonia/Milford law suit when they filed this action, they have treated in Hartford and their medical experts are from the Hartford area, the parties are all represented by attorneys having offices in the Hartford Judicial District, and the parties in the two law suits are different. While the allegations make reference to one occurrence, there were two impacts: the Duncan vehicle with the Chadderton vehicle while both were generally heading in the same direction; and thereafter, the Duncan vehicle with plaintiffs' vehicle, which was proceeding in the opposite direction. It does not seem that issues of liability (or damages) are entirely identical. It is observed that the Nielsen case, relied upon by the movant (Duncan), involved different issues but identical parties.[1] See also: Greater New York Mutual Ins.Co. v. Schnabel, 1996 Ct. Sup. 1100 (January 29, 1996).
It is this court's view that the Duncan motion to transfer and consolidate should be denied at this time, for the reasons stated above, absent any agreement of the parties, and considering plaintiffs' objection. The Duncan motion to transfer (#113) is denied, and the plaintiffs' objection (#117) is sustained, all without prejudice to raising the consolidation question with the presiding judge (civil) at either location when CT Page 9230 either case is pretried and/or assigned for trial, and issues of apportionment and judicial economy are more clearly defined. cf.Rosado v. Bridgeport Roman Cath. Dioc., 1995 Ct. Sup. 7861 (July 11, 1995).
Mulcahy, J.