[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULINGS ON PENDING MOTIONS
The complaint in this action alleges that in the months prior to the initiation of these proceedings the plaintiff had secured approval from the West Hartford Town Council for a change of zone to accommodate the building and maintenance of an assisted-living facility. The Hebrew Home, an entity in the same general business, had opposed the application. Subsequent to the approval, the defendants, three individuals who live in close proximity to the land affected by the Council's decision and who are superficially not related to the Hebrew Home, appealed from the decision of the Council to the Superior Court. A similar course of conduct is alleged as to approval of the plaintiff's application to the Inland Wetlands agency: over the objection of the Hebrew Home, approval of the project was granted, and the same individual defendants have appealed from the decision. The gravamen of the complaint is that the appeals are frivolous and are undertaken solely to delay the construction of the plaintiff's facility; the individual defendants, it is claimed, CT Page 14130 are acting in concert with the Hebrew Home, are represented by the same counsel as represented the Hebrew Home in the administrative proceedings, and are improperly acting to restrict trade and restrain competition.
The first count of the complaint claims that the defendants have intentionally interfered with the plaintiffs financial expectations; the second count alleges "unfair competition"; the third count alleges a violation of the Connecticut Antitrust Act (§§ 35-24 et seq. of the General Statutes); and the fourth count alleges violations of the Connecticut Unfair Trade Practices Act ("CUTPA") (§§ 42-110a et seq. of the General Statutes). The defendants have moved to strike all four counts or, in the alternative, to stay this action pending the outcome of the administrative appeals. There also are motions regarding pending discovery.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. . . . The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997); see Practice Book § 10-39. "In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The defendants have raised several grounds for the motion to strike, most of which can be dismissed summarily. The claim that the activity is protected under the Noerr-Pennington doctrine may ultimately be well-founded, but because it is alleged that the appeals were frivolous and, essentially, brought in bad faith, the claim will survive a motion to strike. See RoncariDevelopment Co. v. GMG Enterprises, Inc., 45 Conn. Sup. 408
(1998). The claim that no damages can result from the filing of the appeals because the plaintiff is not prevented from proceeding with the project while the appeals are pending similarly does not compel striking a complaint, as the complaintalleges damages. For reasons stated in Roncari Development, supra, it is not appropriate to sustain the motions to strike the antitrust and CUTPA claims.
There is merit, however, to the argument that in order to CT Page 14131 sustain an action grounded in tortious interference with financial expectations in the circumstances alleged, the judicial or quasi-judicial action complained of must be proved to have terminated in favor of the plaintiff in the subsequent action. InZeller v. Consolini, 235 Conn. 417, 424 (1995), the court stated that the requirement that prior proceedings terminate in the plaintiffs favor pertained to actions based on interference with business relations.[1] In Blake v. Levy, 191 Conn. 257, 262-63
(1985), it was stated that where a claim of interference with business expectations was based on a prior action, it was appropriate to look for guidance to the law governing vexatious litigation actions. It is black letter law, of course, that an element of the tort of vexatious litigation is that the prior proceeding terminate in favor of the plaintiff. Most significantly, a case cited in Blake, supra, held that a cause of action claiming that the defendant had filed a groundless objection to a patent application cannot proceed until proceedings in the patent office had terminated. Baker DriveawayCo. v. Bankhead Enterprises, 478 F. Sup. 857, 860 (E.D. Mich. 1979).
The first count, as mentioned above, claims a tortious interference with financial expectations. The requirement of termination of the prior proceeding is directly applicable. The second count alleges unfair competition. Although the definition of the elements of this tort is not entirely clear, in the circumstances of this case the two counts may be redundant and it seems clear that the issue of termination of prior proceedings is equally relevant. In the determination of the third and fourth counts, the Noerr-Pennington doctrine is likely to be raised. The merits of the appeals are, at the least, relevant to the instant proceeding. It is sensible, then, to stay the proceedings in this case until the administrative appeals are resolved. It is inefficient and perhaps unseemly to have two proceedings pending in which the merits of the appeals are considered. As only monetary relief is specifically requested in this case, there is little apparent prejudice in staying this action[2]. It is also appropriate to avoid inconsistent outcomes. See, e.g., GoldenHill Paugusset Tribe of Indians v. Southbury, 231 Conn. 563
(1995); Mazzola v. Southern New England Telephone Co.,169 Conn. 344 (1975); Nielsen v. Nielsen, 3 Conn. App. 679 (1985).
Proceedings in this case, then, are stayed pending resolution of the administrative appeals. Discovery, of course, is stayed as well: the defendants' motion to quash (#106) and objection to CT Page 14132 motion to compel (#107) are granted.
Beach, J.