[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM AND ORDER ON PENDING MOTIONS
The Defendants Joseph Caldrello and Sandra Caldrello, et al., have moved to have this summary process proceeding transferred and consolidated with the matter of Sandra Caldrello, Trustee v. FDIC, Docket No. 0555134, Judicial District of New London at New London. The Plaintiff Republic Credit Corporation (Republic) has moved for use and occupancy payments pending the outcome of this matter. For the reasons set forth below, all of the above-referenced motions are granted.
On August 10, 2000, the plaintiff Republic filed a summary process eviction complaint against the defendants, Joseph M. Caldrello, Sandra V. Caldrello, individually, and against Sandra V. Caldrello, as trustee for Ruth Caldrello, Lois Caldrello and Anna Caldrello, alleging that the plaintiff owns the premises known as 929-939 Pequot Avenue, New London, Connecticut by virtue of a May 10, 2000 quit claim deed from the Federal Deposit Insurance Corporation (FDIC), as receiver for First Constitution CT Page 13855 Bank.[1] The plaintiff further alleges that the defendants once had the right or privilege to occupy the subject premises, but such right or privilege has been terminated. On July 27, 2000, a notice to quit was served by a deputy sheriff on the defendants requiring them to quit possession of the premises on or before August 7, 2000. The defendants continue in possession of the premises. On August 10, 2000, the plaintiff also filed a motion for use and occupancy payments.
On September 5, 2000, the parties filed a stipulation, agreeing on the amount to be paid monthly by defendants if the court grants the plaintiff's motion for use and occupancy payments. On September 19, 2000, the defendants moved for a stay of all action on the above-captioned case pending the outcome of the defendants' motions to transfer to the regular session of the Superior Court and to consolidate the summary process action with Sandra Caldrello, Trustee v. FDIC, Docket No. 0555134 which is pending in the civil division of this court. On September 25, 2000, the plaintiff filed its memorandum of law in opposition to the defendants' motions to stay, transfer and consolidate. Oral argument on the motions was heard on September 27, 2000, and a supplemental filing was made by the plaintiff on September 28, 2000.
With regard to the plaintiff's motion for use and occupancy payments filed on August 10, 2000, General Statutes § 47a-3c provides: "Payment in absence of rental agreement. In the absence of agreement, the tenant shall pay the fair rental value for the use and occupancy of the dwelling unit." In the present case, there is no rental agreement between the parties. "Under General Statutes § 47a-26b,[2] the defendant[s] may be directed to make payments for the use and occupancy of the premises during the pendency of a summary process action. Udolf v. WestHartford Spirit Shop, Inc., 20 Conn. App. 733, 735, 570 A.2d 240 (1990). Although the defendants objected to the motion at the oral argument, the Court orders the defendants to make use and occupancy payments for the subject premises in the amount agreed to by the parties in their stipulation filed on September 5, 2000, with payment to begin upon entry of this order and continue every month on that date until such payments are no longer necessary.[3]
Defendants seek to transfer this summary process matter to the civil session of the Superior Court and consolidate it with the case of SandraCaldrello. Trustee v. FDIC, Docket No. 0555134, Judicial District of New London at New London. That case is an action to quiet title. The plaintiff opposes the defendants' motions, arguing that a summary process action involves the issue of who is entitled to possession of the subject premises, and that an action to quiet title cannot provide the relief sought in a summary process action. The court, however, grants the motion to transfer and consolidate. Both cases deal directly with the issue of CT Page 13856 who owns the subject property and the subject matter of both cases is similar. It will enhance judicial economy to have the cases heard together.
The court notes that General Statutes § 47a-70 permits "any housing matter brought to the housing docket of a judicial district which has a housing division" to be transferred to the regular docket for a geographical area or judicial district if the judge "determines that such matter is not a housing matter or that such docket is more suitable for the disposition of the case." General Statutes § 47a-70 (a); Savagev. Aronson, 214 Conn. 256, 262, 571 A.2d 696 (1990); SouthlandCorporation v. Vernon, 1 Conn. App. 439, 449, 473 A.2d 318 (1984).
In deciding whether to transfer a case brought, in the first instance, to the housing division, "the housing division judge must exercise the court's discretion in deciding whether to hear the case. That discretion includes . . . the degree of complexity of the factual and legal issues, the likely time requirements for trial, the need for discovery and the degree of discovery which is reasonably required, whether complex defenses will be raised in good faith, the impact of hearing the case on the rest of the summary process docket, and whether other actions for similar relief are pending elsewhere." Id.
The need for discovery and the degree of discovery that is reasonably required for both the summary process action and the quiet title action are similar. The factors of the likely time requirements for trial, the impact of hearing the case on the rest of the summary process docket and whether other actions for similar relief are pending elsewhere, all weigh in favor of transfer. Transferring the case will have a negligible impact on the time requirements for trial of the two matters. The quiet title action involves relief similar to that sought in the summary process action.
Nielsen v. Nielsen, 3 Conn. App. 679, 684, 491 A.2d 1112 (1985), set forth factors that should be considered in deciding whether to transfer and consolidate related cases. "The public's interest in avoiding unnecessary litigation and conserving scarce judicial resources is too powerful a factor to ignore. Furthermore, it makes little sense for these two actions to be litigated in parallel. . . . Id.
Moreover, because the plaintiff's motion for use and occupancy payments is granted, whoever prevails in both the quiet title action and the summary process action will be compensated for the occupancy of the subject premises pending the outcome of the trial of the consolidated matters. CT Page 13857
Accordingly, the defendants' motions to transfer the plaintiff's summary process action to the regular docket of the Superior Court and to consolidate the summary process action with the pending case of SandraCaldrello, Trustee v. FDIC, Docket No. 0555134, at the Judicial District of New London at New London are granted.
So Ordered, this 9th day of November, 2000.
Jongbloed, J.