THOMAS HUNTING *v.* ANDREW CHAMBERS
(AC 27029)

McLachlan, Rogers and Lavine, Js.

Argued October 23, 2006—officially released February 27, 2007

*Opinion*

*Robert Shluger*, with whom, on the brief, was *Kenneth I. Friedman*, for the appellant (defendant).

*Thomas M. Hunting*, pro se, the appellee (plaintiff).

*Opinion*

LAVINE, J. This case involves a dispute between a residential landlord and his former tenant over unpaid rent and the tenant's conversion of several items of the landlord's personal property. The defendant tenant, Andrew Chambers, appeals from the judgment of the trial court rendered in favor of the plaintiff landlord, Thomas Hunting, in the amount of $38,416.66. On appeal, the defendant asserts that the court improperly (1) applied the prior pending action doctrine in denying his motion to dismiss, (2) awarded the plaintiff $10,000 in damages for his conversion of the plaintiff's grandfather clock, (3) credited the testimony of a real estate appraiser as to the fair market rental value of the premises, (4) found that the defendant was not entitled to

various setoffs and (5) failed to strike portions of the plaintiff's testimony. We disagree with the defendant's claims and affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. The plaintiff and the defendant signed a written lease for the defendant to rent a single-family house located at 5 Lexington Road, East Hartford, from April 1, 1999, through March 31, 2000. After the term of the written lease ended, the tenancy continued on a month-to-month basis until the defendant vacated the premises on April 11, 2004.

The plaintiff alleges in the present action that the defendant failed to pay the rent due for May 1, 2003, through April 11, 2004, and converted certain items of the plaintiff's personal property. Prior to commencing this action, the plaintiff instituted two other actions against the defendant for his failure to pay rent for November, 2002, through March, 2003. The first was a summary process action in which the plaintiff sought to evict the defendant for failing to pay rent. In that action, the parties entered into a stipulated judgment pursuant to which the defendant owed the plaintiff $13,000 in unpaid rent or use and occupancy and costs. The plaintiff subsequently brought a collection action to enforce the stipulated judgment (stipulated judgment action). The defendant filed a motion to dismiss the present case pursuant to the prior pending action doctrine because the stipulated judgment action was still pending at the time of trial. The court denied the defendant's motion.

The plaintiff testified at trial as to the value of the grandfather clock and two oriental rugs that the defendant converted to his own use. The defendant claimed that the three items were "junk" and that he had discarded them without notifying the plaintiff. The court found the defendant liable for the grandfather clock,

which the plaintiff valued at $10,000, but not the rugs. The court also awarded the plaintiff damages for unpaid rent based in part on the testimony of the plaintiff's expert, a real estate agent, who stated that the fair market value of the premises was $2500 per month. The defendant claimed that he was entitled to various credits given that (1) he did not occupy the premises for the first month of the lease, (2) he did not enjoy exclusive use and possession of the entire premises throughout his tenancy, (3) he paid for repairs and (4) he paid the plaintiff $7000 in order to continue living in the premises. The court found that all four of these special defenses lacked merit and that therefore the defendant was not entitled to a credit in any amount. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly applied the prior pending action doctrine in denying his motion to dismiss. We are not persuaded by this argument.

The prior pending action doctrine permits the court to dismiss a second action that alleges claims already pending before the court. "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . . We must examine the pleadings to ascertain whether the actions are virtually alike."

(Internal quotation marks omitted.) *Modzelewski* v. *William Raveis Real Estate, Inc.*, 65 Conn. App. 708, 713–14, 783 A.2d 1074, cert. denied, 258 Conn. 948, 788 A.2d 96 (2001). "When . . . the purposes of the two actions and the issues to be determined by them are different, the rule does not apply." *Nielsen* v. *Nielsen*, 3 Conn. App. 679, 682, 491 A.2d 1112 (1985).

In the present case, the court stated: "[I]t is clear that the [stipulated judgment action] that is pending is limited to specific claims of unpaid rent, use and occupancy, by the tenant during the tenancy . . . . This case however . . . involves unpaid rent plus claimed damages after the defendant vacated the . . . premises . . . . [T]his case is sufficiently different to be adjudicated separately." The defendant claims that the court should have granted the motion because a comparison of the two complaints in the present suit and the stipulated judgment action "show[s] that the parties were the same, the subject premises were the same, the grounds for suit were the same and the remedies sought were very close to the same."

Upon our examination of the pleadings, we agree with the court that the present action was not subject to dismissal pursuant to the prior pending action doctrine because it sought unpaid rent for a different period of time, i.e., May, 2003, through April, 2004, and damages for conversion, neither of which was alleged in the stipulated judgment action. That action was limited to the enforcement of a judgment stipulated to by the parties in the corresponding summary process action for rent due for November, 2002, through March, 2003, minus any payments that the defendant could have proved to the court that he had made. Thus, we conclude that the purposes of the two actions and the issues to be determined are sufficiently different so that the rule does not apply.

The defendant asserts that the plaintiff could have achieved his desired objectives in this action by amending his complaint in the stipulated judgment action. Although we do not disagree that the plaintiff could have amended his complaint in that action, the defendant conceded at oral argument that there is no case law that stands for the proposition that a landlord *must* amend a previous complaint rather than pursue a separate action for subsequent rent owed or face dismissal under the prior pending action doctrine. Consequently, we are not persuaded that the court's denial of the motion to dismiss was improper.[1]

## II

The defendant also challenges several of the court's factual findings. Specifically, the defendant asserts that the court improperly found that (1) the plaintiff was entitled to damages of $10,000 for the defendant's conversion of the grandfather clock, (2) the testimony of the real estate appraiser was credible as to the fair market rental value of the premises and (3) the defendant was not entitled to the various credits claimed in his counterclaim and special defenses. Upon our review of the record, we are not persuaded that any of these factual findings are clearly erroneous.

The issues raised by the defendant concern the court's role as fact finder. "It is well established that [o]ur review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . The trial court's findings are binding upon

---

[1] The defendant also argues that the court improperly denied his motion based in part on the fact that the court believed that he had raised the prior pending action doctrine too close to trial and that granting the motion at that point would prejudice the plaintiff. At oral argument, the defendant asserted that he raised the prior pending action doctrine seven months prior to trial as a special defense and that therefore the court was mistaken in its belief. We need not address this argument, as we have determined that the court properly concluded that the two actions were sufficiently different and that, therefore, the prior pending action doctrine was inapplicable.

this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Wagner & Wagner Auto Sales, Inc.* v. *Tarro*, 93 Conn. App. 376, 383–84, 889 A.2d 875, cert. granted on other grounds, 277 Conn. 932, 896 A.2d 103 (2006).

We consider each of the defendant's challenges to the court's factual findings in turn. The defendant first challenges the court's factual finding regarding the value of the grandfather clock. The plaintiff had been given the clock by his mother and never had it appraised to determine its value prior to the defendant's conversion. Because the defendant disposed of the clock, it was not available to be inspected or appraised for purposes of trial. The court awarded the plaintiff $10,000 in damages solely on the basis of his testimony as to its value. The defendant argues that the court's finding is clearly erroneous because the plaintiff did not testify as to the present value of the missing clock or its value at the time of the loss, nor did he present any photographs, receipts, appraisal or the like to support his contention that the clock was worth $10,000. Although we acknowledge the paucity of evidence as to the clock's value, we are not persuaded by this argument.

"The law in Connecticut is well settled as to the competency of the owner of property to testify as to its value. . . . [T]he competence of a witness to testify to the value of property may be established by demonstrating that the witness owns the property in question. . . . The rule establishing an owner's competence to testify reflects both the difficulty of producing other

witnesses having any knowledge upon which to base an opinion especially where [*a missing item is*] never recovered . . . and the common experience that an owner is familiar with her property and knows what it is worth. . . .

"It is difficult, however, to conceive of an owner having an innate concept of value simply by virtue of ownership. An owner must of necessity rely on other sources for his knowledge of value. Thus [t]he *owner of an article*, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the [fact finder]; and courts have usually made no objections to this policy." (Citation omitted; emphasis altered; internal quotation marks omitted.) *State* v. *Browne*, 84 Conn. App. 351, 387–88, 854 A.2d 13, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004); see also 3 J. Wigmore, Evidence (Chadbourn Rev. 1970) § 716.

In the present case, the plaintiff first testified that he thought the clock was worth $10,000 on the basis of information that he obtained from family members regarding its value. The defendant objected, arguing that the plaintiff's estimate as to value was based on inadmissible hearsay. The court sustained the objection. After the plaintiff's attorney established an evidentiary foundation, the plaintiff testified that in his opinion the clock was worth $10,000. The court stated in its memorandum of decision that it was persuaded by the plaintiff's testimony regarding its value.

Unfortunately, due to the defendant's disposing of the clock, it was no longer available for inspection or appraisal at the time of the trial. The court therefore had no other source from which to ascertain its value other than the plaintiff's opinion testimony. Given that an owner is allowed to testify as to the worth of his

personal property at trial when it is missing and no other source is available, we defer to the court's determination that the plaintiff's testimony was credible. See *State* v. *Browne*, supra, 84 Conn. App. 387–88. "When faced with the constraints of incomplete information, a court cannot be faulted for fashioning an award as equitably as possible under the circumstances." (Internal quotation marks omitted.) *Eisenberg* v. *Tuchman*, 94 Conn. App. 364, 388, 892 A.2d 1016, cert. denied, 278 Conn. 909, 899 A.2d 36 (2006). We are not persuaded that the court's finding is clearly erroneous.

The defendant also challenges the court's finding with regard to the fair market rental value of the premises. The court stated that it determined the rental value of the premises on the basis of the testimony of the plaintiff's real estate agent that he had inspected the outside and inside of the premises on numerous occasions and that the fair market rental value was $2500 per month. "In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony." (Internal quotation marks omitted.) *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 706, 899 A.2d 59 (2006). As such, we defer to the court's finding as to the monthly rental value of the premises. The court's finding is not clearly erroneous.

We next turn to the defendant's arguments that the court improperly concluded that his special defenses and counterclaim had no merit. The defendant maintains that the amount of monthly rent due should be reduced by a sum equal to the percentage of the square footage of the house in which the plaintiff stored his personal property because he did not enjoy exclusive use and possession of the entire premises. The court found that there was no merit to this claim because from the start of the tenancy, the defendant agreed that the plaintiff could store his personal belongings in an unfinished part of the basement, and the original lease

contemplated a monthly rental amount that included the cost of the plaintiff's storage. Our review of the written lease demonstrates that the court's finding is not clearly erroneous.

The defendant also challenges the court's finding that he failed to prove that he was entitled to a reduction in the amount of rent due because he did not occupy the premises during the first month of the lease. The court rejected this claim because the written lease indicated that the term of the lease commenced April 1, 1999, and it contained no exception for late or delayed occupancy for any reason. The court also noted that the defendant admitted that he had moved at least some furniture and television sets into the premises in early April before the lease began. A review of the lease supports this finding.

The defendant claims that he is entitled to a credit for painting the garage, a task the defendant wanted done and for which he paid. The court found that the defendant produced nothing in writing to support his claim that the plaintiff agreed to pay for or reimburse the defendant for this expense. We note that the court is the arbiter of witness credibility. See id.

The defendant contends that the court improperly failed to reduce the amount in back rent owed by the $7000 in payments he made toward rent during the months of May, 2003, through April, 2004. The court heard testimony from the plaintiff that he received some payment from the defendant but that he had applied these payments to the prior stipulated debt. The court found that the plaintiff was entitled to credit the payments to the prior debt and did not reduce the amount due under the present action by the $7000.

On the basis of our review of the record, there is evidence in the record to support each of the challenged factual findings concerning the defendant's entitlement

to various credits. We are not left with the definite and firm conviction that a mistake has been committed. Thus, we are not persuaded that the court's findings regarding each of the setoffs are clearly erroneous.

### III

Finally, we turn to the defendant's claim that the court improperly failed to strike portions of the plaintiff's testimony. The defendant challenges the court's evidentiary ruling in which it allowed the plaintiff to testify that he had applied the $7000 in payments made by the defendant during the months of May, 2003, through April, 2004 to the prior debt he owed him. Specifically, he argues that this ruling was improper because the prior debt was not alleged in the pleadings of the current action. We disagree.

We set forth the applicable standard of review. "Unless an evidentiary ruling involves a clear misconception of the law, the [t]rial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling . . . ." (Internal quotation marks omitted.) *Dinan* v. *Marchand*, 279 Conn. 558, 567, 903 A.2d 201 (2006). "Additionally, before a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful." (Internal quotation marks omitted.) *Porter* v. *Thrane*, 98 Conn. App. 336, 342, 908 A.2d 1137 (2006).

This evidentiary ruling does not constitute a clear abuse of the court's discretion. The defendant himself raised the special defense of payment, to which the plaintiff was entitled to respond and present evidence. The defendant also agreed to enter into evidence the stipulated judgment reached in the summary process

action that he owed the plaintiff $13,000 for unpaid rent for November, 2002, through March, 2003. We recognize that "[w]here a debtor has two or more obligations to the same creditor, the debtor possesses the power to direct the manner in which his payment is to be applied." *South Sea* v. *Global Turbine Component Technologies, LLC*, 95 Conn. App. 742, 750, 899 A.2d 642 (2006). We cannot conclude from the written record, however, that the defendant presented any evidence to support his contention that he directed the plaintiff to apply the payments to a specific month or months, thereby precluding him from applying them toward the earlier debt. Accordingly, we are not persuaded that the court improperly allowed the plaintiff to explain why the defendant was not entitled to a credit in the amount of $7000.

The judgment is affirmed.

In this opinion the other judges concurred.