******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# SOLOMON MAYE v. DEVONNE CANADY ET AL.
## (AC 44860)

Moll, Suarez and Seeley, Js.

*Syllabus*

The plaintiff tenant sought to recover possession of certain premises and personal property following the allegedly unlawful entry and detainer by the defendant landlords, a boxing club and its executive director, C, in violation of the applicable statute (§ 47a-43). The plaintiff provided boxing classes at the boxing club and used its premises for his own training services as well. While a summary process action was pending against him, the plaintiff commenced the present action, alleging, inter alia, that C had prevented him from occupying or accessing the premises since August, 2020, and that he had personal property that either had not been returned to him or had sustained water damage. Following a show cause hearing, the trial court determined that the plaintiff had satisfied his burden of proving that C had violated § 47a-43 and ordered, inter alia, that the plaintiff was to be restored to the premises and that any items of personal property detained by C were to be returned to the plaintiff. In addition, the court continued the matter for a hearing regarding the return of the plaintiff's personal property and any damages claimed by him. Thereafter, the plaintiff filed a declaration of damages. At the first damages hearing, the plaintiff testified that he had incurred costs from two truck rentals and the rental of a storage space where he transported and stored his boxing equipment after he had retrieved it from the premises. Statements for the rentals, which were admitted as full exhibits, indicated that the plaintiff paid a total of $290.97 for the two truck rentals, not including the cost for damage sustained to one of the trucks while it was in the plaintiff's possession and accrued a total of $975.55 in storage fees from December, 2020, to April, 2021. The statements also indicated that, although the plaintiff incurred a $170.11 monthly rental fees and taxes charge in November, 2020, that charge was waived. At a second damages hearing, a witness for the defendant testified that, in October and November, 2020, the plaintiff provided youth boxing services at the witness' youth center and that the plaintiff paid her $550 during that time. Following the hearing, the trial court rendered judgment in favor of the plaintiff in the amount of $10,286.63, plus costs. On C's appeal to this court, *held*:

1. This court declined to review C's claim that the trial court improperly found that the plaintiff and C had a landlord-tenant relationship, C having failed to provide this court with an adequate record; C provided this court with only a partial transcript of the show cause hearing, consisting of only the plaintiff's testimony, and, in the absence of the complete transcript, this court could not resolve C's claim without resorting to speculation, which it declined to do.

2. The trial court erred in part in its calculation of the plaintiff's damages award: although that court's awards of $5700 for the plaintiff's water damaged boxing equipment and $2600 for additional property loss, which corresponded to the cost of a new boxing ring, were supported by sufficient evidence and, therefore, were not clearly erroneous, its award of $1986.63 for the plaintiff's moving expenses was clearly erroneous, as there was no evidence in the record to support the court's inclusion of an extra monthly rental fees and taxes charge because, although the plaintiff incurred a $170.11 monthly rental fees and taxes charge in November, 2020, that charge was waived, and, therefore, he had no obligation to pay it; accordingly, the judgment was reversed as to the award of damages, and the case was remanded with direction to reduce the damages award by $170.11.

Argued May 17—officially released August 16, 2022

*Procedural History*

Action to recover possession of certain premises and personal property following the allegedly unlawful

entry and detainer by the defendants, and for other relief, brought to the Superior Court in the judicial district of New Haven, Housing Session, and tried to the court, *Baio*, *J.*; judgment for the plaintiff; thereafter, following a hearing in damages, the court, *Baio*, *J.*, awarded the plaintiff certain damages, and the defendants appealed to this court; subsequently, this court dismissed the appeal as to the defendant EIR Boxing Club; thereafter, the court, *Baio*, *J.*, issued an articulation of its decision. *Reversed in part*; *judgment directed.*

*Devonne Canady*, self-represented, the appellant (named defendant).

*Opinion*

MOLL, J. The self-represented defendant, Devonne Canady,[1] appeals from the judgment of the trial court rendered in favor of the self-represented plaintiff, Solomon Maye, on his claim of entry and detainer.[2] On appeal, we discern the defendant's claims to be that the trial court erred in finding that (1) there was a landlord-tenant relationship between the plaintiff and the defendant and (2) the plaintiff's damages resulting from the defendant's entry and detainer amount to $10,286.63. We conclude that the record is inadequate for our review as to the defendant's first claim, and, therefore, we decline to review it. As to the defendant's second claim, we conclude that the court improperly awarded a portion of the plaintiff's damages concerning moving expenses. Accordingly, we reverse the judgment of the trial court only as to the award of damages.

The following facts and procedural history are relevant to our resolution of this appeal. For a period of years, the plaintiff provided boxing training classes at EIR Boxing Club (EIR),[3] located in New Haven (premises), and also used the premises for his own training services. In August, 2020, the plaintiff was served with a notice to quit the premises predicated on the following grounds: nonpayment of rent, right or privilege to occupy has terminated, and lapse of time. In October, 2020, EIR commenced a summary process action against the plaintiff and three nonappearing entities ostensibly related to the plaintiff, seeking immediate possession of the premises. See *EIR Urban Youth Boxing, Inc.* v. *Maye*, Superior Court, judicial district of New Haven, Housing Session, Docket No. CV-20-6012892-S.

On December 15, 2020, while the summary process action was pending,[4] the plaintiff commenced the present entry and detainer action against the defendant and EIR. In his verified complaint, the plaintiff alleged that the defendant had prevented him from occupying the premises since August 20, 2020. The plaintiff further alleged that several items of his personal property had been removed, damaged, or taken. In addition, the plaintiff alleged that the premises had been flooded with water, which caused damage to his personal property.

On January 28, 2021, the trial court, *Baio, J.*, held a show cause hearing in the present action. On March 2, 2021, the court issued a decision determining that the plaintiff had satisfied his burden in proving that the defendant had violated the entry and detainer statute, General Statutes § 47a-43.[5] The court found in relevant part: "Extensive testimony was offered regarding the history of the relationship between the parties. The evidence presented demonstrates that the parties had an agreement that spanned a period of years. That arrangement, which may have evolved and changed

over the years, had at its core, the agreement that the plaintiff would provide training classes for the defendant and the plaintiff would be permitted use of the [premises] for his own training services. The evidence demonstrates that the defendant's rental payments made, were over time altered into essentially a barter arrangement of work in lieu of the rent.

"From the evidence, the court finds that the defendant provided notice to the plaintiff that he was to vacate the premises and no longer conduct any classes at the [premises]. This is undisputed. This action stems from that notice provided to the plaintiff, admittedly, requiring him to vacate immediately and disallowing him access to the premises effective immediately upon delivery of the notice at issue. The defendant disputes that there was a landlord-tenant relationship with the plaintiff. The facts presented establish that there was [a landlord-tenant relationship]."

In regard to damages, the plaintiff claimed that he had personal property that either had not been returned to him by the defendant or had sustained water damage during the time that he was prohibited from accessing the premises. The court determined that the plaintiff had not submitted sufficient evidence upon which the court could make a finding as to economic damages stemming from the defendant's entry and detainer. Nevertheless, because the plaintiff had demonstrated that he had "sustained 'inconvenience and disruption of his usual activities due to the objection of his property from the premises,' " the court concluded that awarding no damages to the plaintiff would be improper. Accordingly, the court ordered that (1) the plaintiff was to be restored to the premises, (2) any items of personal property detained by the defendant were to be returned to the plaintiff, (3) the matter would be continued for a report to the court and a hearing regarding the return of the plaintiff's personal property and any damages claimed by him, and (4) the plaintiff was to be awarded costs.

On July 12, 2021, after two days of hearings on the issue of damages, the court rendered judgment in the plaintiff's favor in the amount of $10,286.63, plus costs. This appeal followed. Additional facts will be set forth as necessary.

At the outset, we note that both of the defendant's claims challenge the factual findings made by the court. "It is well established that [o]ur review of questions of fact is limited to the determination of whether the findings were clearly erroneous." (Internal quotation marks omitted.) *Hunting* v. *Chambers*, 99 Conn. App. 664, 669, 916 A.2d 56, cert. denied, 283 Conn. 901, 926 A.2d 669 (2007). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with

the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the trial court's ruling." (Internal quotation marks omitted.) *United Concrete Products, Inc.* v. *NJR Construction, LLC*, 207 Conn. App. 551, 561–62, 263 A.3d 823 (2021).

## I

The defendant first claims that the trial court improperly found that the plaintiff and the defendant had a landlord-tenant relationship.[6] We decline to address the merits of this claim because the defendant has not provided this court with an adequate record.

Practice Book § 61-10 (a) provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal." "The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties." (Internal quotation marks omitted.) *Sitar* v. *Syferlock Technology Corp.*, 211 Conn. App. 406, 415, 272 A.3d 730 (2022).

In the present case, resolving the defendant's claim that the court improperly found that there was a landlord-tenant relationship between the plaintiff and the defendant requires us to have the complete transcript of the January 28, 2021 show cause hearing, in order for us to evaluate properly all of the evidence presented regarding the relationship between the plaintiff and the defendant. The defendant provided this court with only a partial transcript of that hearing, consisting of only the plaintiff's testimony. In the absence of the complete transcript, we would have to resort to speculation to resolve the defendant's first claim under the appropriate standard of review, which we decline to do. See *Buehler* v. *Buehler*, 175 Conn. App. 375, 382, 167 A.3d 1108 (2017) (this court declined to review appellate claim where defendant failed to provide complete transcript of relevant four day hearing). Accordingly, we decline to review the defendant's first claim.

## II

The defendant next claims that the trial court erred in the calculation of the $10,286.63 in damages awarded to the plaintiff. The defendant argues that, beyond the plaintiff's testimony, there is no evidence to support the award of damages. For the reasons that follow, we

agree in part with the defendant's claim.

The following additional facts are relevant to our disposition of the defendant's claim. On March 22, 2021, the plaintiff filed a declaration of damages. In total, the plaintiff's claim of damages amounted to $88,675, which included, inter alia, (1) $4650 in moving expenses, which encompassed the cost of U-Haul truck rentals, storage fees, and rent, (2) $5700 in water damage to his boxing equipment,[7] (3) $17,100 in items or equipment "lost"[8] in storage, and (4) $2600 for the purchase of a new boxing ring. In its calculation of damages, in addition to costs, the court awarded the plaintiff (1) $1986.63 for moving expenses, (2) $5700 for the water damaged boxing equipment, and (3) $2600 for "additional property loss."[9]

"We recognize that [t]he trial judge has a broad legal discretion and [the trial judge's] action will not be disturbed unless there is a clear abuse. . . . As a general rule, the determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous. . . . Thus, we give substantial deference to the trial judge on the issue of damages." (Citations omitted; internal quotation marks omitted.) *Reader* v. *Cassarino*, 51 Conn. App. 292, 297, 721 A.2d 911 (1998).

A

We first address the defendant's argument that the court erred in awarding the plaintiff $1986.63 for moving expenses. We conclude that there is no evidence to support a portion of the court's calculation of the moving expenses, and, thus, the damages award as to those moving expenses is clearly erroneous.

The following additional facts and procedural history are relevant to our resolution of this argument. At the first damages hearing, the plaintiff testified that he incurred costs from two U-Haul truck rentals and the rental of a U-Haul storage space, where he transported and then stored his boxing equipment for at least six months after he had retrieved his equipment from the premises. Statements for the plaintiff's U-Haul truck rentals, which were admitted as full exhibits, indicate that the plaintiff paid a total of $290.97 for the two truck rentals, not including the cost for damage sustained to one of the U-Haul trucks while it was in the plaintiff's possession.[10] Additionally, U-Haul storage fee statements, also admitted as full exhibits, indicate that the plaintiff accrued a total of $975.55 in storage fees from December, 2020, to April, 2021. The statements indicate that, although the plaintiff incurred a $170.11 monthly rental fees and taxes charge in November, 2020, that charge was waived that same day because the plaintiff was awarded one free month of service. The statements do not reflect whether the plaintiff incurred any charges prior to November, 2020, or after April, 2021.

At the second damages hearing, a witness for the

defendant testified that, in October and November, 2020, after the entry and detainer, the plaintiff provided youth boxing services at the witness' youth center. The witness testified that the plaintiff paid her $550 during that time.

On June 15, 2022, pursuant to Practice Book § 60-5,[11] we ordered sua sponte the trial court to "articulate how it arrived at the $1986.63 damages figure" for the plaintiff's moving expenses. On June 23, 2022, the court issued an articulation stating that, in calculating the moving expenses, it had reviewed all of the testimony and exhibits in the record, citing in particular (1) the U-Haul truck rental statements and U-Haul storage fee statements, and (2) the testimony of the defendant's witness regarding the plaintiff's $550 payment to her, which the court found to be a rental payment. The court further noted that the U-Haul storage fee statements reflected "the monthly rental costs for storage so that the [storage costs] could be calculated from the date covered by the invoice forward."

On the basis of our review of the record, we conclude that the court improperly calculated the plaintiff's moving expenses to include an extra $170.11 monthly rental fees and taxes charge. The record indicates that the court calculated the plaintiff's moving expenses to be $1986.63 by adding together (1) the $290.97 incurred for the U-Haul truck rentals, (2) the $975.55 in storage fees incurred between December, 2020, and April, 2021, (3) an extra $170.11 monthly rental fees and taxes charge, and (4) the $550 payment by the plaintiff to the defendant's witness. The statements regarding the U-Haul truck rentals and storage space expenses, and the testimony by the defendant's witness regarding the $550 payment from the plaintiff, support the court's calculation of damages awarded as to the plaintiff's moving expenses up to $1816.52. There is no evidence in the record, however, that supports the court's inclusion of an extra $170.11 monthly rental fees and taxes charge in its calculation of the moving expenses. Neither the U-Haul storage fee statements nor any testimony in the record reflect that the plaintiff incurred *and* was obligated to pay a $170.11 monthly rental fees and taxes charge either prior to December, 2020, or after April, 2021. As we explained earlier in this opinion, the U-Haul storage fee statements indicate that the plaintiff was charged $170.11 in rental fees and taxes in November, 2020; however, that charge was waived the same day, such that the plaintiff had no obligation to pay it. Therefore, we conclude that the court's calculation of damages as to the moving expenses was clearly erroneous insofar as the court included an extra $170.11 monthly rental fees and taxes charge in the award.

B

Next, the defendant argues that the court erred in awarding the plaintiff $5700 for his water damaged box-

ing equipment. In addition to arguing that the plaintiff's testimony as to the value of his water damaged boxing equipment was unsupported by receipts or other evidence of value, the defendant contends that the court did not consider that the equipment was used when calculating the damages award. We are not persuaded.

The following additional facts are relevant to our disposition of this argument. At the first damages hearing, the plaintiff testified with respect to the value of his water damaged boxing equipment. The plaintiff testified specifically that his commercial television, boxing gloves, treadmill, and protective gear sustained water damage. The plaintiff also provided a photograph, admitted as a full exhibit, of the treadmill that sustained water damage. In addition, the plaintiff testified that, because he owned donated equipment, he assessed the value of the individual pieces of equipment that sustained damage on the basis of Internet searches of the same brands. The defendant acknowledges in her appellate brief that several pieces of the plaintiff's boxing equipment sustained water damage.

"The law in Connecticut is well settled as to the competency of the owner of property to testify as to its value. . . . [T]he competence of a witness to testify to the value of property may be established by demonstrating that the witness owns the property in question. . . . The rule establishing an owner's competence to testify reflects both the difficulty of producing other witnesses having any knowledge upon which to base an opinion especially where [a missing item is] never recovered . . . and the common experience that an owner is familiar with [his] property and knows what it is worth. . . . It is difficult, however, to conceive of an owner having an innate concept of value simply by virtue of ownership. An owner must of necessity rely on other sources for his knowledge of value. Thus [t]he owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the [fact finder]; and courts have usually made no objections to this policy." (Emphasis omitted; internal quotation marks omitted.) *Hunting* v. *Chambers*, supra, 99 Conn. App. 670–71.

In short, the plaintiff was not required to produce receipts of purchase to demonstrate the value of his equipment, and it is immaterial that the plaintiff's boxing equipment was used. Collectively, the plaintiff's testimony as to the value of the equipment, his declaration of damages, his testimony about his Internet research, and the photograph of the treadmill that the plaintiff testified was water damaged support the court's calculation of damages awarded as to the water damaged boxing equipment. Therefore, we conclude that the court's calculation of damages as to the water damaged boxing

equipment was not clearly erroneous.

C

Finally, the defendant argues that the court erred in awarding the plaintiff $2600 for the plaintiff's "additional property loss," which corresponds to the cost of a new boxing ring claimed by the plaintiff. This argument merits little discussion.

The plaintiff testified to the value of the boxing ring, which aligned with the amount that the plaintiff claimed in his declaration of damages. He also provided photographs of the boxing ring valued at $2600, which were part of a set of photographs admitted as a full exhibit. As with the water damaged boxing equipment discussed in part II B of this opinion, there was sufficient evidence to support the court's damages determination as to the "additional property loss." Accordingly, the court's award of $2600 for "additional property loss" was not clearly erroneous.

In sum, we conclude that the court erred in awarding the plaintiff $1986.63 in moving expenses insofar as the court included a $170.11 monthly rental fees and taxes charge in its calculation. Accordingly, the record supports a damages award of $10,116.52, rather than $10,286.63, resulting from the entry and detainer.

The judgment is reversed only as to the award of damages and the case is remanded with direction to reduce the damages award with respect to moving expenses by $170.11; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The plaintiff, Solomon Maye, brought this action against Canady and EIR Boxing Club (EIR), both of whom were represented by the same trial counsel. After the trial court had rendered judgment in this case, Canady, as a self-represented party, filed this appeal on behalf of herself and EIR. On October 6, 2021, the appeal was dismissed as to EIR because Canady, who is not an attorney, cannot appear in a representative capacity on behalf of EIR. See General Statutes § 51-88; *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The dismissal was rendered without prejudice to EIR filing a motion to file a late appeal, through counsel, on or before October 26, 2021; however, no such motion was filed. Accordingly, in this opinion, we refer to Canady as the defendant.

[2] The plaintiff did not file a brief in this court. We therefore decide this appeal on the basis of the record, the defendant's brief and appendix, and the defendant's oral argument.

[3] In an affidavit filed by the defendant in this case, the defendant averred that she was the founder, executive director, and corporate agent of EIR. In her appellate brief, the defendant represents that she is EIR's executive director and board chair.

[4] On July 19, 2021, in the summary process action, the trial court, *Baio, J.*, rendered a judgment of possession in favor of EIR with regard to the premises. See *EIR Urban Youth Boxing, Inc.* v. *Maye*, Superior Court, judicial district of New Haven, Housing Session, Docket No. CV-20-6012892-S (July 19, 2021). No appeal was taken from that judgment. The resolution of the summary process action has no bearing on our consideration of this appeal.

[5] General Statutes § 47a-43 (a) provides: "When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same, or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and

strong hand, or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court.''

[6] In her appellate brief, the defendant claims that (1) she was not liable for entry and detainer because she was not the plaintiff's sublessor, (2) there was no valid sublease between her and the plaintiff, and (3) she was not liable for the plaintiff's damages because she was not the plaintiff's sublessor. We construe these claims collectively to be a single claim challenging the court's factual finding that a landlord-tenant relationship existed between the plaintiff and the defendant.

[7] Specifically, the plaintiff claimed that there was damage to his commercial television, boxing gloves, treadmill, jump ropes, headgear, protective cups, hand wraps, scale, and ring timer.

[8] At the first damages hearing, the plaintiff repeatedly stated that he lost his boxing equipment that he placed in storage because he owed three months of storage fees. Evidence in the trial record indicated that, at the time of the hearing, there was a lien on the plaintiff's boxing equipment for failure to pay three months of storage fees, but he still had the opportunity to pay the fees owed before his equipment would be sold at public auction. In its calculation of damages, the court noted that, "[g]iven that the items still in storage may be retrieved upon payment of the storage fees, the plaintiff will be back in possession of those items upon payment of those storage fees. Accordingly, the storage fees are awarded and no additional damages for the items in storage is warranted as they are not at this time lost."

[9] The plaintiff claimed additional damages in the form of lost wages, "irreparable harm" to his reputation, and emotional distress. The court declined to award such damages on the basis of its conclusion that they were not proper elements of damages in the present entry and detainer action. On August 3, 2021, the plaintiff filed a motion to reconsider insofar as the court declined to award those claimed damages, which the court denied on August 5, 2021. The plaintiff has not filed a cross appeal in this matter.

[10] The plaintiff incurred a balance of $531.63 for the two U-Haul truck rentals, including a charge of $240.66 for the damage to one of the trucks. Therefore, the plaintiff's total incurred expenses as to the two U-Haul truck *rental* charges, not including the cost of damage, is $290.97.

[11] Practice Book § 60-5 provides in relevant part that, "[i]f the court deems it necessary to the proper disposition of the cause, it may order a further articulation of the basis of the trial court's factual findings or decision. . . ."

———————————————